# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Jul 09, 2021
s/ DarylOlszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>8324 West Center Street, Milwaukee, WI, 53222,<br>more fully described in<br>Attachment A. | Case No. 21 MJ 126 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the Eastern District of Wisconsin, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860(a); 18 U.S.C. §§ 924(c) & 2(a); 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | possession with intent to distribute more than five grams of a controlled substance within 1000 feet of a public school; possession of a firearm in furtherance of a drug trafficking crime; possession of a firearm by a felon |

The application is based on these facts:
See attached affidavit

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Kathrine L. Karlsen*
Applicant's signature

Kathrine Karlsen, FBI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: July 9, 2021

*William E. Duffin*
Judge's signature

City and state: Milwaukee, WI
William E. Duffin, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Kathrine L. Karlsen, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as **8324 W. Center Street, Milwaukee, Wisconsin**, hereinafter "**PREMISES**," further described in Attached A, for the things described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since May of 2019. I have been assigned to the Milwaukee Area Safe Street Task Force since October of 2019. Prior to being employed as a Special Agent with the FBI, I was employed as a Staff Operations Specialist for the FBI for approximately nine years. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by the law to conduct investigations of and to make arrests for federal felony arrests.

3. As a Special Agent, I have participated in the investigation of narcotics-related offenses, resulting in the seizure of illegal drugs, weapons, United States currency, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am

familiar with the actions, habits, traits, methods, and terminology used by the narcotics traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover operations, court-ordered wiretaps, analysis of phone and financial records, and the arrests of numerous drug traffickers. I have also been the affiant of multiple search warrants. Additionally, I have spoken with other experienced narcotics investigators on numerous occasions concerning the method and practices of drug traffickers and money launderers. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. I am further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities.

4. In addition to my experience in the investigation of individuals involved in federal criminal offenses, I also have knowledge and experience in the apprehension and prosecution of individuals involved in federal criminal offenses. I am familiar with and have experience in the use of cellular devices used to commit those offenses as well as the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their locations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

2

This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Shaft A. DARBY (DARBY) (DOB: xx/xx/1991) has violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a) (possession with intent to distribute more than five grams of a controlled substance within 1000 feet of a public school); 18 U.S.C. §§ 924(c) & 2(a) (possession of a firearm in furtherance of a drug trafficking crime); and 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (possession of a firearm by a felon). DARBY was charged with these crimes on March 2, 2021, and he is the subject of an arrest warrant issued on March 3, 2021. There is also reason to believe that DARBY is aware of these charges and is actively avoiding law enforcement apprehension. There is also probable cause to believe that the **PREMISES** is used by DARBY, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

7. On or about March 2, 2021, DARBY was charged by Indictment with possession with intent to distribute more than five grams of a controlled substance within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) & 2(a); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The Indictment is currently sealed. *See United States v. Shaft A. Darby and Marquan L. Clemmer*, 21-CR-48.

3

8. An arrest warrant for DARBY was also authorized that same day and attached herein as Exhibit A.

## Criminal Offense Details

9. On October 12, 2020, at approximately 2:15 p.m., law enforcement officers were conducting surveillance at Al's Wheels and Deals, a business located at 4270 N. 76th Street in Milwaukee, Wisconsin. Law enforcement was acting in an undercover capacity and operating in an undercover government vehicle.

10. At approximately 2:42 p.m., law enforcement observed a gray in color 2014 Jeep Grand Cherokee SUV bearing Wisconsin registration plate of 470-ZEC (VIN# 1C4RJFDJ9EC395246), hereinafter referred to as the "gray Jeep," enter the parking lot of Al's Wheels and Deals. Law enforcement then observed the gray Jeep parked next to a black in color 2018 Jeep Grand Cherokee SUV bearing Wisconsin registration plate of ABE-3330 (VIN# 1C4SDJH98MC643044), hereinafter referred to as the "black Jeep."

11. On October 12, 2020, at approximately 3:54 p.m., law enforcement observed DARBY, wearing a tan Burberry hat, black hooded sweatshirt and black jeans, exit the gray Jeep. Law enforcement then observed DARBY enter the black Jeep. DARBY was then observed reversing the black Jeep towards the overhead door to the building of 4270 N. 76th Street. Law enforcement then observed DARBY exit the driver door and open the tailgate of the black Jeep. At this time, law enforcement was not able to observe DARBY's actions due to the position of other vehicles

4

obstructing their view. Law enforcement conducting surveillance advised other officers regarding the above-described observations.

12. DARBY was then observed getting back into the driver seat of the black Jeep and parking the vehicle next to the gray Jeep. Affiant then observed a subject, later identified as Marquan L. CLEMMER (DOB: xx/xx/1995), retrieve a purple "Bape" hooded sweatshirt from the rear passenger compartment of the gray Jeep. Affiant then observed CLEMMER open the rear left passenger door of the black Jeep. During this time affiant was not able to observe CLEMMER's actions while he was near the rear passenger door of the black Jeep.

13. Additional law enforcement officers then entered into the parking lot of Al's Wheels and Deals. At this time, the driver door of the gray Jeep was open. As law enforcement exited the squad car and began walking towards the Jeep, CLEMMER exited the front passenger door of the gray Jeep and began running westbound towards N. 76th Street. DARBY exited the driver seat of the gray Jeep and fled westbound around the rear of the gray Jeep and then back northbound near the front entrance from where the officers entered.

14. During flight, CLEMMER ran up onto a vehicle and jumped off the vehicle over a chain link fence surrounding the parking lot of Al's Wheels and Deals. Law enforcement followed CLEMMER and apprehended him on the median across the street of N. 76th Street. Upon CLEMMER's arrest, law enforcement located in his front right pants pocket four cell phones. Law enforcement also located a loaded black Glock 48 9 mm semi-automatic handgun from the bottom of CLEMMER's left

5

side pants leg. CLEMMER also had a Jeep key fob around his neck and was also in possession of $80.00 in U.S. currency.

15. During flight, law enforcement gave DARBY multiple verbal commands to "stop." DARBY disregarded the verbal commands and continued to flee on foot. Law enforcement followed DARBY and observed DARBY throw a pill bottle on the roof of 4302 N. 76th Street. Law enforcement then apprehended DARBY.

16. While standing in the parking lot of Al's Wheels and Deals, law enforcement observed the pill bottle that DARBY threw on the top of the roof of 4302 N. 76th Street. Due to strong winds, the pill bottle blew off of the roof, and law enforcement located and secured the pill bottle, which was revealed to contain approximately 57 Oxycodone Hydrochloride 30 mg pills, a Schedule II controlled substance. The pill bottle did not contain a prescription label. Upon arrest, DARBY was found to be in possession of four cell phones, $2,920.10 in U.S. currency, and approximately 2 grams of marijuana.

17. A search of both Jeeps was thereafter conducted. A search of the gray Jeep revealed the following, which list is non-exhaustive:

    a. Open box 150 count sandwich bags in center console;

    b. A large dry freezer bag containing clear plastic bags that contained approximately 497.51 grams of marijuana on the front passenger floorboard;

    c. Drum magazine for firearm under front passenger seat;

    d. Tan FN BG 9mm semi-automatic (Serial # CSU0057167) handgun on the rear passenger floorboard in the middle of the compartment;

  e. WI auto plates, ABR5696, AAF4004, and AHT2100, in the trunk; and

  f. $120.00 in U.S. currency in the passenger door handle.

18. A search of the black Jeep revealed the following, which list is non-exhaustive:

  a. Bottle of suspected promethazine with no label, weighing 70.91 grams with the bottle, in driver door map pocket;

  b. A cellular phone in glove box;

  c. Large clear plastic "pound bag" containing marijuana residue on passenger rear floorboard;

  d. Black backpack on passenger side rear seat containing a total of $67,410.00 in U.S. currency, clear plastic bags that contained approximately 134.92 grams of marijuana, a digital scale, and identifiers of "Terrance M. CLEMMER";

  e. Gray duffle bag containing a large clear plastic dry freezer bag containing approximately 449.33 grams of marijuana; and

  f. WI registration plate AJT-1610 in trunk.

19. Video surveillance of Al's Wheels and Deals captured DARBY and CLEMMER on the day of their arrest. Surveillance depicts DARBY exiting the gray Jeep, operating the black Jeep, and meeting with another individual, who switches out the license plates of the black Jeep. DARBY is then observed driving the black Jeep to a location near the gray Jeep, which he then enters. DARBY and CLEMMER are both observed exiting the gray Jeep. Eventually, CLEMMER is depicted retrieving a black backpack from the gray Jeep and placing it in the rear compartment of the black Jeep. This black backpack matches the description of the

black backpack that contained a large sum of U.S. currency and marijuana located in the black Jeep.

20. On November 5, 2020, at approximately 12:30 p.m., DARBY and Terrya Bolden, the mother to DARBY's children, paid $550.00 to have the black Jeep released to them from the City of Milwaukee Tow Lot, located at 3811 W. Lincoln Avenue, Milwaukee, Wisconsin.

### DARBY and the PREMISES

21. On March 31, 2021, at approximately 10:34 a.m., case agents observed DARBY exit the rear of the **PREMISES**. DARBY used the keypad to open one of the two garage doors behind the **PREMISES**. Case agents observed DARBY drive a matte-gray Dodge Durango Hellcat from the garage, out the alley and turn north on 84th Street.

22. On April 28, 2021, United States Magistrate Judge William E. Duffin authorized a pen register/trap and trace and cell site/ping warrant for the cellular device associated with the black Jeep.

23. On April 30, 2021, case agents received historical location data for the black Jeep. The data showed that the Jeep was in the area of 45th Street and US-41 in Highland, Indiana, from April 5, 2021, to April 28, 2021. Case agents researched the area and found several car dealerships in the proximity of the historical location data. Additionally, case agents found the black Jeep to be listed for sale out of Highland, Indiana, at truecar.com. The advertisement listed the black Jeep to be sold

8

from Thomas Dodge Chrysler Jeep Ram of Highland, Indiana, a car dealership within close proximity of the location data of the black Jeep.

24. On May 4, 2021, case agents spoke to the business manager at Thomas Dodge Chrysler Jeep of Highland Inc. located at 9604 Indianapolis Boulevard, Highland, Indiana, who informed case agents that DARBY and BOLDEN traded in the 2018 Jeep Grand Cherokee Trackhawk for a matte-gray Dodge Durango Hellcat with VIN 1C4SDJH98MC643044 on March 30, 2021.

25. On May 5, 2021, the Dodge Durango Hellcat was shown to be registered to DARBY and BOLDEN at the **PREMISES**.

26. On May 18, 2021, United States Magistrate Judge Stephen C. Dries authorized a pen register/trap and trace and cell site/ping warrant for the cellular device associated with VIN 1C4SDJH98MC643044, the Dodge Durango Hellcat.

27. On May 31, 2021, case agents received historical location data for the Dodge Durango Hellcat. Using the towers surrounding the **PREMISES**, a perimeter was reviewed in an attempt to identify when the Dodge Durango Hellcat was within the general geographic area of the **PREMISES**. The historical data, from April 10, 2021, to May 19, 2021, showed the Dodge Durango Hellcat at the geographical area around the perimeter on most days between 7:00 p.m. and 11:00 p.m., and the vehicle would not have movement consistent with travel away from the general geographical area until the next day on most days. Case agents also observed the pings to have both high and low accuracies for the vehicle, meaning the pings had both small and

9

large ping radiuses. At times, when the ping data reflected that the vehicle was in the area of the **PREMISES**, the ping radius was larger.

28. Cases agents obtained toll records from phone numbers known to be used by BOLDEN, the mother of DARBY's children; Stacy DARBY, the mother of DARBY; and Shane DARBY, the brother of DARBY and identified a commonly contacted phone number of (414) 553-7191, starting on October 15, 2020. AT&T listed the service start date for phone number (414) 553-7191 on October 15, 2021, three days after the initial arrest and the seizure of DARBY's phones. Law enforcement database listed phone number (414) 553-7191 with DARBY.

29. Phone number (414) 841-2554, having subscriber Terrya BOLDEN and known to be used by Terrya BOLDEN had 2,408 connections with phone number (414) 553-7191 from October 15, 2021, to June 7, 2021.

30. On June 15, 2021, United States Magistrate Judge Nancy Joseph authorized a pen register/trap and trace and ping warrant for phone number (414) 553-7191.

31. On June 28, 2021, case agents were notified by pen register/trap and trace data and ping data that DARBY was in the vicinity of the **PREMISES**. A case agent in the area observed a male, believed to be DARBY, entering the garage in the rear of the **PREMISES**. After nearly one hour, case agents observed DARBY jogging past the unmarked law enforcement vehicle wearing a mask over his face and hood over his head. DARBY stopped in front of the unmarked vehicle and looked into the vehicle. Based upon this encounter, case agents believe DARBY was not exercising,

but rather he was monitoring the area for activity unfamiliar to him. After DARBY approached the unmarked law enforcement vehicle, the case agent relocated the unmarked vehicle and continued surveillance. After nearly three hours, case agents observed DARBY walking on the east side of the garage of the **PREMISES** and enter the Dodge Durango. DARBY then proceeded to drive towards the unmarked law enforcement vehicle, parked next to the vehicle, confronted the case agent by asking why the case agent was following him, and then drove off. Moments later, DARBY reappeared next to the case agent in the Dodge Durango and asked if the case agent was trying to take his vehicle, then drove off. Next, case agents terminated the surveillance.

32. Surveillance at the **PREMISES** has been difficult. First, the physical location of the **PREMISES** is elevated from the street, which makes surveillance difficult for law enforcement to conceal their presence. Second, the location of the exterior doors can only be surveilled from the main road, West Center Street, which provides minimum concealment due to the open space, windows from the **PREMISES** oversees the road, and street parking is sparse. Additionally, the back of the **PREMISES** is fenced in, so the side exterior door is not visible from the alley. Additionally, surveillance has been difficult because case agents also believe that DARBY knows and/or believes that law enforcement is searching for him because of his criminal activities and that he is therefore monitoring his surroundings at all times for law enforcement presence to evade detection.

11

33. Case agents believe that DARBY has access to and is using the **PREMISES**.

### The PREMISES

34. On June 29, 2021, case agents conducted a utility check for the **PREMISES**. The utilities listed to Terrya Bolden.

35. On June 29, 2021, case agents conducted a City of Milwaukee property records check for the **PREMISES**. The records showed Terrya Bolden as the owner.

36. On June 29, 2021, a law enforcement database reflected the **PREMISES** as one of the residences listed for DARBY, as of January 2021.

### DARBY is a Risk of Flight

37. DARBY has been traffic stopped and has fled from law enforcement in various instances in 2019 and 2020. Specifically, DARBY fled from law enforcement on or about April 23, 2019, in the area of 6800 W. Hampton Avenue, and on or about March 18, 2020, in the area of 8400 W. Hampton Avenue. Additionally, DARBY was traffic stopped on or about August 15, 2019, in the area of N. 72nd Street and W. Ruby Avenue, and on or about October 3, 2019, in the area of N. 75th Street and W. Courtland Avenue.

38. Based upon DARBY's pattern of fleeing from law enforcement, including on the day of his arrest in October 2020, case agents believe that it is likely for

12

DARBY to act in accordance when he encounters law enforcement.[1] Therefore, agents believe that the requested warrant will allow them to arrest DARBY at the at **PREMISES** in the morning hours with lower probability of DARBY fleeing in a vehicle, which would reduce the risk of danger posed to the apprehending officers and nearby citizens. Additionally, while there is an arrest warrant issued for DARBY, case agents believe the search warrant for the **PREMISES** will minimize the risk to law enforcement if DARBY or any other occupant of the residence refuses to answer the door for law enforcement.

39. Based upon the facts contained within this affidavit I believe there is probable cause for a warrant to search the **PREMISES** described in Attachment A and seize the individual described in Attachment B.

---

[1] DARBY has an active Felony Milwaukee Police Department suspect alert for fleeing/Eluding (Citation # BF906634-1).

# ATTACHMENT A

Property to be searched

**8324 W. Center Street, Milwaukee, Wisconsin**, to include all associated vehicles parked on the premises, outbuildings, and garage, at this address. This address is further described as a two-story residence having red brick siding at the first level and off-white colored siding at the second level. Both levels have white trim around the windows and brown colored shingles. The residence is facing south with a front door to the left of the front of the residence with the numbers "8324" affixed on a white placard in black lettering. Behind the residence, to the north, is a detached two-car garage with white siding and light brown colored shingles.





2

ATTACHMENT B

To be seized

The person of Shaft A. Darby, DOB 7/4/1991, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).